

# The Attorney General of Texas

August 20, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Kenneth H. Ashworth
Coordinating Board
Texas College and University System
P. O. Box 12788, Capitol Station
Austin, Texas   78711

Opinion No. MW-504

Re:     Whether     independent
school district tax funds may
be used to support a junior
college district

Dear Mr. Ashworth:

You have inquired about the taxing and spending authority of an independent school district and have presented the following facts. An independent school district board of trustees is also the board of trustees for a community college. The community college was created pursuant to section 130.011 of the Texas Education Code. However, the college has never been authorized to levy ad valorem taxes for maintenance and operation or to issue bonds. See Educ. Code §130.122(b). The college is funded through the appropriations act, by tuition, and by auxiliary enterprises. On the basis of these facts, you have asked:

> Can the board of trustees of an independent school district which has created an independent school district junior college pursuant to chapter 130, subchapter b, section 130.011, et seq., Texas Education Code, set aside or utilize a portion of the independent school district's maintenance and operation funds derived from ad valorem taxation for the support of the independent school district junior college's operations?

Although the independent school district board of trustees may also be the board of trustees of the junior college district, Education Code section 130.015, the board of trustees for each entity has different duties pursuant to statute. See Educ. Code §§23.25 et seq. (independent school districts), 130.084 (junior college districts). Section 130.011(a) of the Education Code designates the type of independent school district which may establish a junior college district. Section 130.011(b) provides that any college district established pursuant to the chapter shall be known as a junior college district. Thus, a junior college district comprises a separate legal entity from the independent school district that

created it.   The legal relationship between the two entities implicit in section 130.011 of the Education Code is relevant to the construction of section 20.48 of the Education Code, which pertains to the expenditure of tax funds by school districts.   See also Attorney General Opinions M-876 (1971) (taxing authority of a junior college district is the same regardless of whether the board of trustees of the junior college district is identical to the independent school district board of trustees); M-851 (1971) (Houston Independent School District has option of selecting which procedure to follow to establish junior college district).

Independent school district expenditures are limited by Education Code section 20.48 (formerly article 2827, V.T.C.S.).   The court in Madeley v. Trustees of Conroe Independent School District, 130 S.W.2d 929 (Tex. Civ. App. - Beaumont 1939, writ dism'd judgmt cor.) addressed the issue of independent school district funds, stating that:

> Investing the trustees with power to levy and collect a local tax for the maintenance of the public free schools within their district, the law denies them the power to divert the fund to any other purpose, in so far as the fund is needed for the support and maintenance of the public free schools.

130 S.W.2d at 933.

It is therefore our opinion that independent school district tax funds may not be used to support a junior college district.

It should also be noted that section 20.02 of the Education Code authorizes independent school districts to levy, assess, and collect ad valorem taxes for the schools of the district; by contrast, section 130.122(b) of the Education Code prohibits the levy of maintenance taxes by junior college districts unless authorized by a majority of the electors voting at an election held for that purpose.   If independent school district tax funds are used for the benefit of the junior college district, the purpose of section 130.122(b) would be defeated.

## S U M M A R Y

The board of trustees of an independent school district may not set aside or utilize a portion of the independent school district's maintenance and operation funds derived from ad valorem taxation for the support of a junior college district

created pursuant to section 130.011(a) of the Education Code.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Patricia Hinojosa
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Patricia Hinojosa
Jim Moellinger